NUMBER 13-09-00087-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


JAY BRADY COLLUMS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 377th District Court of 


Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 Pursuant to a plea agreement, appellant, Jay Brady Collums, pleaded guilty to
retaliation, a third-degree felony, (1) and was placed on deferred-adjudication community
supervision for five years. (2) The State filed a motion to revoke appellant's community
supervision, alleging multiple violations of the terms of community supervision. Appellant
pleaded "not true" to the allegations. Following a hearing, the trial court found appellant
violated various conditions of his community supervision, revoked his community
supervision, adjudicated him guilty of the underlying offense, and sentenced him to ten
years' confinement in the Institutional Division of the Texas Department of Criminal Justice. 
The trial court certified appellant's right to appeal, and this appeal followed. We affirm. 

I. Anders Brief 


 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court stating that his review of the
record yielded no grounds or error upon which an appeal can be predicated. Although
counsel's brief does not advance any arguable grounds of error, it does present a
professional evaluation of the record demonstrating why there are no arguable grounds to
be advanced on appeal. (3) 

 In compliance with High v. State, (4) appellant's counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court's judgment. Counsel has
informed this Court that he has: (1) examined the record and found no arguable grounds
to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on
appellant; and (3) informed appellant of his right to review the record and to file a pro se
response. (5) More than an adequate period of time has passed, and appellant has not filed
a pro se response. (6) II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (7) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (8) Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. (9) We grant counsel's motion to withdraw. 

 Within five days of the date of this Court's opinion, counsel is ordered to send a
copy of the opinion and judgment to appellant and to advise appellant of his right to file a
petition for discretionary review. (10)


 

 

 

 LINDA REYNA YAÑEZ

 JUSTICE



 


Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

25th day of August, 2010.


 
1. See Tex. Penal Code Ann. § 36.06(a)(1)(b), (c) (Vernon 2007). 
2. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2009). 
3. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief
need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991). 
4. High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). 
5. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d
at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with
the rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d at 409 n.23 (quoting Wilson v. State, 955
S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)). 
6. See In re Schulman, 252 S.W.3d at 409 n.23. 
7. Penson v. Ohio, 488 U.S. 75, 80 (1988). 
8. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record
for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate
Procedure 47.1."); Stafford, 813 S.W.2d at 509. 


 We note that the reporter's record consists of seven volumes in this case. Volume 1 is a "Master
Index"; Volume 2, dated May 1, 2007, concerns pre-trial motions; Volume 3 is missing; Volume 4, dated
November 12, 2008, reflects the re-setting of a hearing date on the State's motion to adjudicate; Volume 5
also reflects a re-setting; Volume 6, dated January 9, 2009, is the hearing on the State's motion; and Volume
7 is the court's ruling on the State's motion. This Court has contacted Yvett Shugart, the court reporter for
Volumes 1, 2, and 4 through 7. Ms. Shugart advised that Volume 3 has not been transcribed because the
court reporter assigned for that proceeding is gravely ill and unable to retrieve the notes for transcription. 
Thus, Volume 3 is unavailable. Appellant pleaded guilty on May 30, 2007, shortly after the hearing on pre-trial
motions reflected in Volume 2. We have reviewed the record before us, and conclude that any matters
reflected in the unavailable Volume 3 are not pertinent to the disposition of this appeal. 
9. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v.
State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous.") (citations omitted)). 
10. See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to
seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. See Tex.
R. App. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.